**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| CALEB PARSONS | NO.  12-399-5 |

**MEMORANDUM**

**Joyner, J.**                                                    **December 4, 2020**

**Introduction**

Caleb Parsons moves for a reduction in sentence under 18

U.S.C. § 3582(c)(1)(A)(i) and has met the procedural

requirements of this motion.  We grant the motion on the merits

because we find: (1) extraordinary and compelling reasons

justify reducing Mr. Parsons' sentence, (2) the applicable

sentencing factors under 18 U.S.C. § 3553(a) warrant the

reduction, and (3) Mr. Parsons is not a danger to the community

as provided in 18 U.S.C. § 3142(g).  See United States v. Doe,

No. 20-2650, 2020 WL 6328203, at *1 (3d Cir. Oct. 29, 2020) (per

curiam) (finding the district court appropriately considered the

defendant's risk of contracting COVID-19, the section 3553(a)

sentencing factors, and danger to the community in denying a

motion for compassionate release); see also United States v.

Nunez, No. CR 17-58-1, 2020 WL 5237272, at *4 (E.D. Pa. Sept. 1,

2020).  We reduce the term of imprisonment to time already

served.

## **Extraordinary and Compelling Circumstances**

Mr. Parsons' underlying health conditions, which place him
at greater risk of serious illness or death from COVID-19, are
extraordinary and compelling reasons justifying a reduction in
sentence.  To find extraordinary and compelling circumstances in
the context of the COVID-19 pandemic, courts must consider the
defendant's specific risk if infected and the danger that the
defendant will contract the virus.  United States v. Babbitt,
No. CR 18-384, 2020 WL 6153608, at *5 (E.D. Pa. Oct. 21, 2020)
(examining "the circumstances of the COVID-19 pandemic, the
defendant's health conditions, the defendant's age and the risk
of contracting COVID-19 at the defendant's facility"); see also
United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the
mere existence of COVID-19 in society and the possibility that
it may spread to a particular prison alone cannot independently
justify compassionate release").

Mr. Parsons is just 41 years old, but suffers from numerous
serious health conditions, which put him at increased risk of
serious illness or death from COVID-19.  Mr. Parsons is obese, a
former smoker, has chronic lower back pain, and has sarcoidosis.
According to the Centers for Disease Control and Prevention
("C.D.C."), obesity or a history of smoking alone are sufficient
to put a person at "increased risk of severe illness from the

virus that causes COVID-19."  People with Certain Medical

Conditions, C.D.C. https://www.cdc.gov/coronavirus/2019-

ncov/need-extra-precautions/people-with-medical-conditions.html

(last updated Dec. 1, 2020).  Conditions in the C.D.C.'s

"increased risk" category, like obesity and smoking, alone can

be extraordinary and compelling reasons for compassionate

release.  See, e.g., United States v. Rodriguez, 451 F. Supp. 3d

392, 400-01 (E.D. Pa. 2020) ("the outbreak of COVID-19

and [defendant's] underlying medical conditions that place him

at a high risk should he contract the disease—present

'extraordinary and compelling reasons' to reduce his sentence").

Additionally, sarcoidosis is an inflammatory disease that

affects the lungs.  Mr. Parsons' doctors manage his sarcoidosis

with periodic cycles of prednisone, a drug which suppresses the

immune system making Mr. Parsons extremely vulnerable to

infection.  Mr. Parsons also has decreased lung capacity and

sometimes suffers from a cough and shortness of breath.  People

with damaged or scarred lung tissue from conditions like

sarcoidosis "might be at an increased risk for severe illness."

Id.  The combination of Mr. Parsons serious health conditions,

including obesity, a history of smoking, and sarcoidosis, put

him at increased risk of serious illness if infected with COVID-

19 and contribute to the finding of extraordinary and compelling

circumstances.

Importantly, there is an "actual, non-speculative risk of exposure to COVID-19" at FCI Fort Dix, where Mr. Parsons is incarcerated.  United States v. Somerville, 463 F. Supp. 3d 585, 597 (W.D. Pa. 2020).  An astounding 144 inmates and 29 staff at FCI Fort Dix currently have confirmed active cases of COVID-19, with the number fluctuating much higher over recent days. COVID-19 Cases, BOP https://www.bop.gov/coronavirus/ (last updated Dec. 3, 2020).  Nationally, 149 federal inmates have died due to the virus and 26,578 inmates have tested positive. Id.  Even taking proper precautions, Mr. Parsons may contract COVID-19 at FCI Fort Dix and his particular health conditions put him at increased risk of serious illness or death from the virus.

The combination of Mr. Parsons' specific risk profile, the serious circumstances at FCI Fort Dix, and the rising rates of the virus across the country, constitute extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i).

### 18 U.S.C. § 3553(a) Sentencing Factors

The section 3553(a) factors do not outweigh these extraordinary and compelling circumstances warranting compassionate release.  To grant the motion, we must determine that a reduction will not undermine the goals of Mr. Parsons original sentence under the section 3553(a) factors.  United States v. Walls, No. 2:12-CR-00173, 2020 WL 6390597, at *11

(W.D. Pa. Nov. 2, 2020).  Mr. Parsons pled guilty to the serious

offenses of being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1), dealing in firearms without

a license, in violation of 18 U.S.C. § 922(a)(1)(D), conspiracy,

in violation of 18 U.S.C. § 371, and aiding and abetting, in

violation of 18 U.S.C. § 2.  Mr. Parsons was also found in

possession of narcotics while on bail.  The serious nature of

these crimes does not prohibit release when the term already

served has achieved the purposes of sentencing.  See Somerville,

463 F. Supp. 3d at 602. ("[A]lmost all federal prisoners have

committed serious crimes. If generalized (albeit legitimate)

concerns about the dangers of guns and drugs were enough to bar

to compassionate release, almost no one would be eligible.").

Mr. Parsons has already served more than six years in prison or

about 70 percent of his expected time in custody given good time

credit.  His anticipated release date is February 2, 2023.  The

term already served reflects the seriousness of his offenses and

provides sufficient punishment and respect for the law, while

also deterring similar criminal conduct.  Mr. Parsons has met

the educational goals of his incarceration commendably earning

his GED and participating in drug rehabilitation and other

education programs.  Mr. Parsons' demonstrated rehabilitation

and sincere remorse for his crimes will serve to protect the

public from any future crimes.  Because Mr. Parsons has served a

large percentage of his sentence and due to the particulars of

Mr. Parsons' circumstances, there is limited risk of unwarranted

sentence disparities.

The current pandemic and Mr. Parsons' specific

vulnerability to COVID-19 were not considerations at the time of

sentencing, but they must be now.  Given the grave risk that

continued incarceration now poses, serving the remainder of Mr.

Parsons' original sentence is not necessary to comply with the

purposes of sentencing.

**Danger to the Community**

Mr. Parsons does not pose a danger to the community or to

an individual.  Before granting compassionate release, this

Court must determine that the defendant is not a danger to the

safety of any other person or to the community, considering the

18 U.S.C. § 3142(g) factors.  United States v. Adeyemi, No. CR

06-124, 2020 WL 3642478, at *31 (E.D. Pa. July 6, 2020).  Since

his conviction, Mr. Parsons has focused on his rehabilitation

and has given no indication that he is a danger to the community

any longer.  In his more than six years of incarceration, Mr.

Parsons has had only one nonviolent incident report (resulting

in two disciplinary sanctions) and he has not had a disciplinary

incident in one-and-a-half years.  Mr. Parsons educational

achievements in prison have contributed to his rehabilitation,

as have his employment as a cook, HVAC installer, psychology

clerk, and orderly.  Mr. Parsons intends to live with his

fiancée upon release and has already secured an interview for a

job at a warehouse.  Mr. Parsons has significant support from

family and friends on which to rely as he transitions back into

the community.  The three-year term of supervised release this

Court previously imposed will further serve to protect the

public.  We see no indication that Mr. Parsons is currently a

threat to public safety.

## Conclusion

We grant the motion for compassionate release after finding

extraordinary and compelling circumstances, considering the 18

U.S.C. § 3553(a) factors, and seeing no danger to the community.

An Order follows.